IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BOBBY MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3: 05-CV-1210-F |
| ) | |
| DEBBIE A. SWEET ) | |
| ) | |
| Defendant, ) | |

### ANSWER OF DEBBIE A SWEET

COMES NOW the Defendant, Debbie A. Sweet, and for her answer to the Complaint filed by Plaintiff, Bobby L. Mitchell, responds as follows to each numbered paragraph of Plaintiff's Complaint:

1. This paragraph merely identifies the Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint. Out of an abundance of caution, all allegations of this paragraph not heretofore specifically admitted are denied.

2. Admitted.

3. Admitted.

### COUNT ONE

1. Defendant admits that a collision occurred on October 13, 2005 between the vehicles being driven by the Plaintiff and Defendant. Defendant also admits that the collision took place on U.S. Highway 280 in Tallapoosa County, Alabama. All allegations of this paragraph not heretofore specifically admitted are denied.

2. Defendant denies the allegations of paragraph 2 of Count One of the Complaint.

3. Defendant denies the allegations of paragraph 3 of Count One of the Complaint.

4.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of Count One of the Complaint.

## COUNT TWO

5.     In response to paragraph 5 of Count Two of the Complaint, Defendant incorporates by reference its responses to all preceding paragraphs, as if fully set forth herein.

6.     Defendant admits that a collision occurred on October 13, 2005 between the vehicles being driven by the Plaintiff and Defendant. Defendant also admits that the collision took place on U.S. Highway 280 in Tallapoosa County, Alabama. All allegations of this paragraph not heretofore specifically admitted are denied.

7.     Defendant denies the allegations of paragraph 7 of Count Two of the Complaint.

8.     Defendant denies the allegations of paragraph 8 of Count Two of the Complaint.

9.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of Count Two of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint, and each purported cause of action contained therein, fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

This Defendant denies each and every material allegation of Plaintiff's Complaint and demands strict proof thereof.

### THIRD DEFENSE

This Defendant denies that the Defendant was guilty of negligence on the occasion complained of and denies that any negligence on her part proximately caused the alleged injuries to the Plaintiff.

### FOURTH DEFENSE

This Defendant denies that the Defendant was guilty of any wanton conduct on the occasion

complained of and denies that any wanton conduct on her part proximately caused or contributed to the Plaintiff's alleged injuries.

## FIFTH DEFENSE

This Defendant pleads contributory negligence, sudden emergency, last-clear chance, the applicable statute of limitations, estoppel, latches, waiver, release, payment, set-off and accord and satisfaction.

## SIXTH DEFENSE

This Defendant denies that it acted in breach of any duty, in violation of any laws or engaged in any other alleged wrongful or wanton conduct that is improper under Alabama law and denies that any conduct by this Defendant proximately caused injuries as alleged by plaintiff.

## SEVENTH DEFENSE

The Complaint, and each purported cause of action contained therein, is barred and fails to state a claim upon which relief can be granted against this Defendant because the injuries and damages allegedly sustained by the Plaintiff were not the result of any acts, omissions or other conduct of this Defendant, but instead arose as a result of acts and omissions of others over whom this Defendant had no control.

## EIGHTH DEFENSE

This Defendant avers that the injuries and damages complained of were proximately caused by an independent and/or intervening cause and not the result of any acts, omissions or other conduct of this Defendant.

## NINTH DEFENSE

This Defendant asserts ALA. CODE §12-21-45 (1975), pursuant to Dixie Marsh v. Rodgers Green, M.C., 782 So. 2d 233 (Ala. 2000). Plaintiff claims damages for medical expenses and/or hospital expenses which have been, or which will be reimbursed or paid, in part or in full.

## TENTH DEFENSE

This Defendant pleads that the Complaint, and each purported cause of action contained therein, fails to state facts sufficient to entitle the Plaintiff to an award of general damages, special damages, exemplary or punitive damages, interest on damages or costs.

## ELEVENTH DEFENSE

Plaintiff's Complaint seeks to make this Defendant liable for punitive damages. The Supreme Court of the United States issued an opinion in the case styled State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct 1513 (2003) on the issue of punitive damages. This Defendant adopts by reference whatever defenses, criteria, limitations, and standards are mandated by the Decision of the Supreme Court of the United States in this case.

### TWELFTH DEFENSE

Plaintiff's Complaint seeks to make this Defendant liable for punitive damages. The Supreme Court of the United States issued an opinion in the case styled <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 123 S. Ct 1513 (2003) on the issue of punitive damages. This Defendant adopts by reference whatever defenses, criteria, limitations, and standards are mandated by the Decision of the Supreme Court of the United States in this case.

### THIRTEENTH DEFENSE

This Defendant pleads that the prayers for judgment and damages regarding the purported causes of action contained in the Complaint are barred because the damages purportedly sustained by the Plaintiff were not the result of acts, representations or omissions of the Defendant, or any of its agents, representatives and/or employees.

### FOURTEENTH DEFENSE

This Defendant denies that it is guilty of any conduct which warrants the issue of punitive damages being submitted to a jury.

### FIFTEENTH DEFENSE

This Defendant pleads that it is entitled to a setoff or credit of any and all settlement amounts paid by any party or potential party to this litigation, whether or not named herein.

### SIXTEENTH DEFENSE

This Defendant pleads that the Complaints fail to state a claim upon which punitive damages may be awarded to Plaintiff and that any award of punitive damages to the Plaintiff in this case would be in violation of the Constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### SEVENTEENTH DEFENSE

This Defendant pleads that no punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

### EIGHTEENTH DEFENSE

This Defendant pleads that punitive damages cannot be awarded to the Plaintiff because of the lack of clarity in Alabama's standards for awarding punitive damages.

### NINETEENTH DEFENSE

This Defendant pleads that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

### TWENTIETH DEFENSE

This Defendant pleads that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to defendant under the Constitution of the United States of America.

### TWENTY-FIRST DEFENSE

This Defendant pleads that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America in that the determination of punitive damages under Alabama law is vague; is not based upon any objective standard; is, in fact, standardless; and is not rationally related to legitimate government interests.

### TWENTY-SECOND DEFENSE

This Defendant pleads that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law does not bear any reasonable relationship to the amount of actual and/or compensatory damages suffered or awarded to the Plaintiff.

### TWENTY-THIRD DEFENSE

This Defendant pleads that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the Untied States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### TWENTY-FOURTH DEFENSE

This Defendant pleads that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### TWENTY-FIFTH DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive

(a) damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded in this state constitute an unconstitutional impediment, infringement and restraint to Defendant's rights under the Commerce Clause of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## **TWENTY-SIXTH DEFENSE**

Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate government interests;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

(e) The award of the punitive damages in this case constitutes a deprivation of property without due process of law; and

(f) It is a violation of the Due Process Clause to impose punitive damages against the defendant, which are penal in nature, yet compel defendant to disclose potentially incriminating documents and evidence.

## TWENTY-SEVENTH DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-EIGHTH DEFENSE

The award of punitive damages against this Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

## TWENTY-NINTH DEFENSE

The alleged damages about which Plaintiff's complaint arose as a result of acts or missions of others over whom this defendant had no control or knowledge.  If this Defendant was negligent in the manner described by Plaintiff,  which is denied, the acts or omissions of others were a superseding and proximate cause of any damages suffered by Plaintiff. The Plaintiff's claims for recovery of some or all of the relief prayed for in the Complaint are in contravention of Defendant's rights under each of the following constitutional provisions:

(a) The contracts clause of Article I, Section 10, of the United States Constitution;
(b) The excessive fines clause of the Eighth Amendment to the United States Constitution;
(c) The due process clause of the Fourteenth Amendment to the United States Constitution;
(d) The contracts clause of Article I, Section 2, of the Constitution of Alabama; and
(e) The excess fines clause of Article I, Section 15, of the Constitution of Alabama; and
(f) The due process clause of Article I, Section 6, of the Constitution of Alabama.

## THIRTIETH DEFENSE

With respect to Plaintiff's demand for punitive damages, this Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW of No. America v. Gore,* 116 U.S. 1589 (1996), as well as, recent decisions by the Alabama Supreme Court.

## THIRTY-FIRST DEFENSE

While this Defendant denies that Plaintiff is entitled to any relief against it for personal injury, it asserts and adopts by reference whatever defenses, criteria, limitations, and standards

are mandated by the decision of the Supreme Court of the United States in <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424, 121 S. Ct 1678, 1686 (2001). While this Defendant denies that Plaintiff is entitled to any relief against it, it asserts any award of punitive damages in this case must be done by the Court and is not a jury determination. <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc</u>., 532 U.S. 424, 121 So. Ct 1678, 1686 (2001) (punitive damages is a legal conclusion and is "is not a fact tried by the jury.")

      This Defendant reserved the right to amend this answer and add additional affirmative defenses until discovery is completed in this case.

s/ Hunter C. Carroll
Hunter C. Carroll, Esq.
Bar ID No. ASB-6231-A63H
State Bar No. CAR129
E-Mail: hcc@stockhampc.com
Attorney for Debbie A. Sweet

**STOCKHAM, CARROLL & SMITH, P.C.**
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Facsimile: (205) 879-9990

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BOBBY MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3: 05-CV-1210-F |
| ) | |
| DEBBIE A. SWEET ) | |
| ) | |
| Defendant, ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2006, I served a copy of the foregoing on all counsel of record to this proceeding by first class mail, postage prepaid and facsimile to following attorneys of record:

Roger L. Lucas, Esq.
**Lucas, Wash, Petway, Tucker & Stephens**
Two Chase Corporate Drive, Suite 460
Birmingham, Alabama 35242
Telephone: (205) 733-1595
Facsimile: (205) 733-8683
Email:rlucas@lawpc.com

s/Hunter C. Carroll
Hunter C. Carroll, Esq.
Bar ID No. ASB-6231-A63H
State Bar No. CAR129
E-Mail: hcc@stockhampc.com
Attorney for Debbie A. Sweet

**STOCKHAM, CARROLL & SMITH, P.C.**
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Facsimile: (205) 879-9990