IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**CLARA S. MITCHELL, etc.,**                                                              **Plaintiff**

v.                                    CIVIL ACTION NO. 3:05cv1210-B

**DEBBIE A. SWEET,**                                                                       **Defendant**

**PLAINTIFF'S THIRD SETTLEMENT REPORT**

Pursuant to the Court's order of October 6, 2006, Plaintiff files this Settlement Report. In her most recent settlement report of October 5, 2006, to the Court, Plaintiff noted that "State Farm's approval of paying all funds to Plaintiff's counsel for distribution to the plaintiff, to the lienholder and to the subrogation claimant, and the plaintiff's approval of State Farm's release are the only items remaining to be done before execution of releases and payment of settlement funds.".

On November 2, 2006, Plaintiff's counsel received from counsel for State Farm a letter, with attachments, showing that State Farm had received from Medicare a letter dated October 18, 2006, asserting a right to repayment of benefits it had paid on behalf of Bobby Mitchell, Plaintiff's decedent. This was the first notice to any party of a claim by Medicare.

More important, Medicare has no legal interest in any proceeds of the Plaintiff's claim for the wrongful death of her husband, Bobby Mitchell. The sole damages recoverable under Alabama's Wrongful Death Act, Ala. Code 6-5-410 (1975) (the only claim pending related to Bobby Mitchell) are punitive in nature. Compensatory damages for medical bills are not allowed in this wrongful death action. Consequently, Medicare cannot subrogate against the wrongful death recovery for medical benefits paid. UAB Hospital has acknowledged this fact by marking its own lien for Bobby Mitchell's bills as "satisfied" without any payment from

the lawsuit funds.  (UAB Hospital's lien against Clara Mitchell for her own medical bills remains and has been addressed by the parties' settlement agreement.)

Because Medicare has no legal right to participate in the proceeds of the wrongful death recovery, Plaintiff's counsel was first able to speak with State Farm's counsel this evening concerning this new subrogation issue concerning Medicare.  He must communicate with State Farm and determine whether it is willing to make direct payment to the plaintiff per the settlement agreement, or whether State Farm will insist that the question regarding whether Medicare has any subrogable interest in the wrongful death proceeds be submitted to this Court.  An attempt to speak with someone at Medicare who can put this matter to rest by acknowledging no right of subrogation for medical benefits under Alabama's peculiar wrongful death law has not been fruitful.

This new subrogation issue does not change the agreement of the named parties that the case has been settled as among them.

Respectfully submitted,

/s/Roger L. Lucas_____
ROGER L. LUCAS
AL. Bar Id:  ASB 2555 S80R

**OF COUNSEL**:
**LUCAS, PETWAY, TUCKER & WASH, P.C.**
Two Chase Corporate Drive, Suite 460
Birmingham, AL 35242
(205) 733-1595 - phone
(205) 733-8683 - fax

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 6th day of November 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Hunter C. Carroll, Esq.
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, AL  35209
hcc@stockhampcc.com

Stanley A. Martin, Esq.
S. Allen Martin, Jr., Esq.
P.O. Box 2526
Opelika, AL  36803-2526

    /s/ROGER L. LUCAS
    Roger L. Lucas
    Lucas, Wash, Petway, Tucker
    & Stephens, P.C.
    Two Chase Corporate Drive
    Suite 460
    Birmingham, AL  35244
    Ph:  (205) 733-1595
    Fax: (205) 733-8683
    rlucas@lawpc.com
    ASB 2555 S80-R