IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| CLARA S. MITCHELL, as the personal representative of BOBBY L. MITCHELL, deceased, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action Number: 3:05cv1210-WKW |
| DEBBIE A. SWEET and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | * * * * | |
| Defendants. | * | |

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR ADJUDICATION OF MEDICARE SUBROGATION INTEREST**

Comes now the Defendant State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm") in the above-styled action and moves the Court to enter an Order directing Medicare to appear for a hearing with respect to its alleged subrogation interest in the settlement proceeds and for an Order adjudicating Medicare's alleged subrogation interest, and as grounds in support thereof states as follows:

1.       State Farm's counsel and the Plaintiff's counsel have agreed to settle all claims against State Farm in this matter for uninsured/underinsured motorist coverage. With respect to the claim of Clara S. Mitchell, individually, State Farm has agreed to pay its policy limit of $150,000.00. Of this amount, $6,849.21 will be paid to UAB Hospital for its hospital lien and $1,192.63 will be paid to the Rawlings Company for its subrogation claim. The Plaintiff's

attorney has stated that there are no other hospital or subrogation liens, claims, or interests pertaining to the Clara S. Mitchell claim.

2. Likewise, State Farm has agreed to pay its policy limit of $150,000.00 to Clara S. Mitchell, as personal representative of the Estate of Bobby L. Mitchell, Deceased, for the wrongful death claim. As with the settlement of Ms. Mitchell's individual claim, the settlement for the wrongful death claim was contingent upon the payment of all outstanding hospital liens or subrogation liens, claims, or interests of any sort with the appropriate Releases of said liens, claims, or interests being executed.

3. On October 18, 2006, Medicare sent a letter to State Farm advising State Farm of Medicare's subrogation interest as to Bobby L. Mitchell. In its letter, Medicare failed to state the amount of its subrogation interest. This was the first notice provided by Medicare of any potential subrogation interest.

4. In support of its subrogation interest, Medicare cited 42 U.S.C. 1395y(b)(2), which is also known as the Medicare Secondary Payer Act.

5. 42 U.S.C. 1395y(b)(2)(B)(i) states:

> The Secretary may make payment under this subchapter with respect to an item or service if a primary plan described in subparagraph (A)(ii) has not made or cannot reasonably be expected to make payment with respect to such item or service promptly (as determined in accordance with regulations). Any such payment by the Secretary shall be conditioned on reimbursement to the appropriate Trust Fund in accordance with the succeeding provisions of this subsection.

6. Moreover, 42 U.S.C. 1395y(b)(2)(B)(iv) states: "[t]he United States shall be subrogated (to the extent of payment made under this subchapter for such an item or service) to any right under this subsection of an individual or any other entity to payment with respect to such item or service under a primary plan."

7. In addition, 42 U.S.C. 1395y(b)(2)(B)(ii) states, in part:

> If reimbursement is not made to the appropriate Trust Fund before the expiration of the 60-day period that begins on the date notice of, or information related to, a primary plan's responsibility for such payment or other information is received, the Secretary may charge interest (beginning with the date on which the notice or other information is received) on the amount of the reimbursement until reimbursement is made (at a rate determined by the Secretary in accordance with regulations of the Secretary of the Treasury applicable to charges for late payments).

8. While State Farm acknowledges the Plaintiff's argument that Medicare is not entitled to subrogate against the wrongful death recovery, State Farm has not found any definitive case law supporting the Plaintiff's position. It appears that neither an Alabama state court nor a Federal Court has addressed the interplay of ALABAMA CODE §6-5-410 and 42 U.S.C. 1395y(b)(2).

9. Given the fact that Medicare has the authority to institute a private right of action against State Farm or counsel for State Farm for the recovery of its subrogation interest, State Farm seeks guidance from the Court as to this issue.

10. State Farm moves the Court to set a hearing on this matter and to give notice to Medicare of this hearing, such that Medicare will have an opportunity to be heard as to its

subrogation interest. In its letter to State Farm, Medicare noted that the contractor handling this particular claim is MSPRC, P.O. Box 33828, Detroit, MI 48232-3828.

11. State Farm, thus, requests an Order from this Court adjudicating whether Medicare is entitled to be reimbursed for payments made on behalf of Bobby L. Mitchell, including payments made pursuant to the Medicare Secondary Payer Act.

s/ Stanley A. Martin
Stanley A. Martin (MAR049)
S. Allen Martin, Jr. (MAR149)
Attorneys for Defendant
State Farm Mutual Automobile Insurance Company

Post Office Box 2526
Opelika, Alabama 36803-2526
(334) 749-4142
(334) 749-4131 (FAX)
amartin@stanmartinlaw.com
smartin@stanmartinlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 29th day of November, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Honorable Roger L. Lucas
Lucas, Wash, Petway, Tucker & Stephens
Two Chase Corporate Drive, Ste. 460
Birmingham, AL 35242

Honorable Hunter C. Carroll
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Ste. 114
Birmingham, AL 35209

4

and I hereby certify that I have this day served an exact copy of the foregoing upon Medicare, by depositing a copy of same in the United States Mail, properly addressed with first class postage prepaid thereon:

MSPRC
P.O. Box 33828
Detroit, MI 48232-3828

                                      s/ Stanley A. Martin
                                      Stanley A. Martin
                                      S. Allen Martin, Jr.