IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| CLARA S. MITCHELL, as the personal representative of BOBBY L. MITCHELL, deceased, | * * * * | |
| Plaintiff, | * * | Civil Action Number: |
| v. | * * | 3:05cv1210-WKW |
| DEBBIE A. SWEET and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | * * * * | |
| Defendants. | * | |

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO JOIN SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES AS A REAL PARTY IN INTEREST OR AS AN INDISPENSABLE PARTY**

Comes now the Defendant State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm") in the above-styled action and, pursuant to Rule 19 of the FEDERAL RULES OF CIVIL PROCEDURE, moves the Court to join the Secretary of the Department of Health and Human Services as a real party in interest or as an indispensable party, and as grounds in support thereof states as follows:

1.  The Plaintiff has accepted State Farm's offer to pay its policy limit of $150,000.00 to Clara S. Mitchell, as personal representative of the Estate of Bobby L. Mitchell, Deceased, for the wrongful death claim that is the subject of this lawsuit.

2.  Before State Farm issued a check to the Plaintiff's counsel for its policy limits, State Farm received an October 18, 2006 letter from Medicare advising State Farm of

Medicare's subrogation interest as to Bobby L. Mitchell. In support of its subrogation interest, Medicare cited 42 U.S.C. 1395y(b)(2), which is also known as the Medicare Secondary Payer Act.

3. It is State Farm's understanding that counsel for the Plaintiff has been unable to obtain the amount of the alleged subrogation interest from Medicare. The Plaintiff contends that Medicare does not have a subrogation interest in the wrongful death proceeds. However, it appears that neither an Alabama state court nor a Federal Court has specifically addressed the interplay of ALABAMA CODE §6-5-410 and the Medicare Secondary Payer Act.

4. Given the strict provisions of the Medicare Secondary Payer Act relating to subrogation, State Farm seeks to join the appropriate party in this lawsuit, so that Medicare's alleged subrogation interest as to the wrongful death proceeds can be determined and protected, if deemed applicable.

5. The Department of Health and Human Services (hereinafter, "HHS") is responsible for overseeing Medicare. Accordingly, pursuant to Rule 19(a) of the FEDERAL RULES OF CIVIL PROCEDURE, HHS is a real party in interest or an indispensable party. Therefore, State Farm moves the Court to enter an Order adding HHS as a party to this action.

6. In the alternative, State Farm moves the Court to allow the parties additional time to resolve Medicare's alleged subrogation interest without joining HHS in this lawsuit. Counsel for State Farm has spoken with counsel in the United States Attorney's Office regarding service of process, per the Court's suggestion. Counsel for State Farm has been informed that there is an administrative process that must be pursued before HHS can be made a party to any action.

7. At this time, counsel for State Farm has been unable to find out the specifics of the administrative proceedings and whether the Plaintiff is actually the appropriate person to institute any such administrative proceedings with HHS. Therefore, State Farm requests that, in the alternative to joining HHS in this lawsuit, the Court grant the parties additional time to inquire into and pursue any applicable administrative proceedings with HHS regarding Medicare's alleged subrogation interest.

                                                     s/ Stanley A. Martin
                                                   Stanley A. Martin (MAR049)
                                                   S. Allen Martin, Jr. (MAR149)
                                                   Attorneys for Defendant
                                                   State Farm Mutual Automobile Insurance Company

Post Office Box 2526
Opelika, Alabama 36803-2526
(334) 749-4142
(334) 749-4131 (FAX)
amartin@stanmartinlaw.com
smartin@stanmartinlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 21st day of December, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Honorable Roger L. Lucas
Lucas, Wash, Petway, Tucker & Stephens
Two Chase Corporate Drive, Ste. 460
Birmingham, AL 35242

Honorable Hunter C. Carroll
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Ste. 114
Birmingham, AL 35209

and I hereby certify that I have this day served an exact copy of the foregoing upon the following by certified mail:

Honorable Rand R. Neeley
United States Attorney
Middle District of Alabama
One Court Square, Ste. 201
Montgomery, Alabama 36104

                                                      s/ Stanley A. Martin
                                                     Stanley A. Martin
                                                     S. Allen Martin, Jr.