IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CLARA S. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:05-cv-1210-WKW |
| | ) |
| DEBBIE A. SWEET, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On December 21, 2006, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a Motion to Join Secretary of the Department of Health and Human Services as a Real Party in Interest or as an Indispensable Party (Doc. # 33). State Farm requests this court to join Mike Leavitt, Secretary of the Department of Health and Human Services ("the Secretary"), as a real party in interest or as an indispensable party to this case due to the parties' impending settlement. Although the parties have settled the dispute in this case, Medicare has indicated that it has a pending subrogation interest in the wrongful death proceeds of the plaintiff. State Farm seeks a resolution of this subrogation issue by the court and requests joinder of the Secretary under Rule 19 of the Federal Rules of Civil Procedure. On December 22, 2006, the plaintiff filed a response in support of the motion.

"The purpose of Rule 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Pinckney v. SLM Fin. Corp.*, 236 F.R.D. 587, 589 (N.D. Ga. 2005) (internal quotations and citation omitted). Rule 19 sets forth a two-part test for determining whether a party is indispensable:

> First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.

*Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003) (citation omitted). "In making the first determination-i.e., whether the party in question should be joined, pragmatic concerns, especially the effect on the parties and the litigation, control." *Id.* (internal quotations and citation omitted).

In light of the foregoing principles, the standards of Rule 19(a),[1] and the parties' arguments proffered to the court, it is hereby ORDERED that the motion is GRANTED. The court finds that the joinder is appropriate to avoid possible injury to the defendant and necessary to afford complete relief among the parties.

It is further ORDERED that:

1. The Secretary of the Department of Health and Human Services, Mike Leavitt, will be aligned, initially, as a third-party defendant, and the parties will be allowed to assert whatever claims, counterclaims, or defenses they may have.

---

[1] Rule 19(a) provides in relevant part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

Fed. R. Civ. P. 19(a).

2. The court reserves the right to realign the Secretary as a plaintiff or defendant in this action.

3. The original parties to this action will be allowed 20 days from receipt of this Order within which to file and serve such claims as they may have against the Secretary.

4. Each party is hereby ORDERED to provide the Secretary with copies of their pleadings in this matter within 20 days of receipt of this Order.

5. The Clerk of the Court is hereby DIRECTED to serve a copy of this Order on the Secretary in care of the United States Attorney's Office for the Middle District of Alabama.

DONE this 13th day of February, 2007.

      /s/  W. Keith Watkins
UNITED STATES DISTRICT JUDGE